IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-02917-RBJ

SINGNAKHONE NHOISAYKHAM,

      Petitioner,

v.


JUAN BALTAZAR, et al.,
in their official capacities,

      Respondents.

---

## ORDER

---

This matter comes before the Court on petitioner Singnakhone Nhoisaykham's (petitioner) Petition for a Writ of Habeas Corpus (Petition), ECF No. 1, and Motion for Temporary Restraining Order (TRO), ECF No. 2. Among other relief, petitioner requests that the Court enjoin respondents from transferring him out of the District of Colorado or removing him from the United States during the pendency of this action. *See* ECF No. 1 at 23 (¶ 1); ECF No. 2 at 1.

The Court hereby ORDERS that respondents shall not transfer petitioner outside the District of Colorado or remove him from the United States during the

1

pendency of these proceedings.  The Court further ORDERS that respondents shall file a response to the Petition within 14 days of service of this Order.

Petitioner is a national of Laos.  He became a lawful permanent resident in 1987, when he came here as a refugee with his parents and siblings, and has lived here ever since.  ECF No. 1 at 6.  In 2001, he was ordered removed back to Laos by an Immigration Judge following a criminal conviction.  *Id.* at 7.  Though he did not appeal that decision, he was never removed.  In both 2009 and 2020, ICE arrested Mr. Nhoisaykham pursuant to the 2001 removal order.  *Id.*  However, the Laotian government rejected his application for travel documents, and ICE was unable to remove him.  Because his removal was deemed to be significantly unlikely in the reasonably foreseeable future and he was neither a risk of flight nor danger, ICE released him under supervision (OSUP) both times.  *See Zadvydas v. Davis,* 533 U.S. 678, 690 (2001) (discussing that flight and danger are the only two justifications for immigration detention post-final order).  Following his 2020 arrest, he was told that if ICE were to procure a travel document for him, he would face deportation. ECF No. 1 at 7.

These enforcement efforts culminated in his arrest on April 9, 2026, when Mr. Nhoisaykham was arrested at DIA while boarding a flight to Houston.  *Id.*  He is currently in immigration detention at the Denver Contract Detention Facility in Aurora, Colorado.  *Id.* at 1.  He asserts that his detention violates DHS's binding

regulations because he was not given advanced notice of ICE's intent to revoke his OSUP. *Id.* at 8. He further asserts that his detention violates the APA, his procedural due process rights, the statutorily imposed detention limits under 8 U.S.C. § 1231(a), and the Constitution. *Id.* at 15-19.

This Court has inherent authority under the All Writs Act, 28 U.S.C. § 1651, to preserve its jurisdiction by enjoining the transfer of a noncitizen detained within the judicial district. *See Arostegui-Maldonado v. Baltazar,* 794 F. Supp. 3d 926, 948-49 (D. Colo. 2025) (listing cases).

To protect the status quo and preserve this Court's jurisdiction, the Court GRANTS the Petition and TRO only insofar as respondents are hereby enjoined from removing petitioner from the United States or transferring him out of Colorado and respondents are ordered to show cause, within 14 days of service of this Order, as to why the writ should not be granted.

At this time, the Court takes no action with respect to the remainder of the relief sought in the Petition. The Court respects the expedited nature of habeas proceedings and the urgency of a particular petitioner alleging unlawful detention. Nevertheless, these considerations must be balanced with affording respondents a reasonable time to assess the facts and legal issues from their perspective and respond appropriately.

3

To the extent they have not done so yet, no later than Friday, July 10, 2026, counsel for petitioner is directed to: (1) serve respondents with a copy of the Petition along with a copy of this Order, by email and overnight mail; and (2) promptly file proof of such service on the docket.  Counsel for respondents shall promptly enter notices of appearance, and, within 14 days of service, respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted by releasing petitioner or requiring a bond hearing.  *See Yassine v. Collins*, 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. Jul. 7, 2025) (explaining that while 28 U.S.C. § 2243 refers to a three-day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself and granting respondents a 14-day deadline to respond) (internal citations omitted).

It is SO ORDERED.

Dated: July 9, 2026                          BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge

4