IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-02917-RBJ

SINGNAKHONE NHOISAYKHAM,

      Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

      Respondents.

---

## ORDER

---

Before the Court is Singnakhone Nhoisaykham's ("petitioner") Application for a Writ of Habeas Corpus ("Petition"), ECF No. 1, and Motion for Temporary Restraining Order ("TRO"), ECF No. 2. Petitioner seeks an order declaring his current immigration detention unlawful under the Due Process Clause, the Immigration and Nationality Act ("INA"), the Administrative Procedure Act ("APA"), and DHS's implementing regulations, and asks this Court to order his release. ECF No. 1 at 23. Respondents disagree. ECF No. 12.

For the reasons set forth below, the Court disagrees with petitioner's assertion that his detention is unlawful. Therefore, the Petition is DENIED, and the Motion for TRO is denied as moot.

1

## I.    Background

Mr. Nhoisaykham is a Lao national.  He entered the United States in 1987 as a refugee and obtained Lawful Permanent Residency pursuant to his refugee status. ECF No. 1 at 1.  In January 2001, he was ordered removed to Laos by an immigration judge following a criminal conviction.  To effectuate that removal order, he was detained for 90 days in 2009 and again in 2020 but released both times under an Order of Supervision ("OSUP") because ICE was unable to remove him to Laos.  *Id.* Most recently, he was arrested on April 9, 2026, and he remains in custody at the Denver Contract Detention Facility in Aurora, Colorado.  *Id.*

On June 29, 2026, petitioner filed this habeas petition pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Petitioner asserts that his arrest and current detention violate his due process rights, the INA as interpreted by the Supreme Court in *Zadvydas v. Davis,* 533 U.S. 678 (2001), and the APA.  ECF No. 1 at 8-19.  Petitioner asks this Court to declare his detention unlawful and order his release from custody.  *Id.* at 23.

## II.    Discussion

A district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws of the United States."  28 U.S.C. § 2241.  The individual in custody bears the burden of proving that his detention is unlawful.  *Walker v. Johnston*, 312 U.S. 275, 286

(1941).  Section 2241 habeas proceedings are available as a forum for statutory and constitutional challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678 (2001).  Where the dispute is fundamentally legal in nature, the court may decline to hold a hearing.  28 U.S.C. § 2243; *see, e.g.*, *Garcia Cortes v. Noem*, 1:25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025).  Here, neither party has requested a hearing, and the Court finds that no hearing is necessary.

Petitioner's challenges to the lawfulness of his detention fail because his removal is reasonably foreseeable.  *See Zadvydas,* 533 U.S. at 701.  Petitioner's detention has been relatively brief, and the record reflects a clear path to removal.  On June 3, 2026, ICE notified petitioner of its intent to remove him to Laos.  On July 2, the Lao government issued petitioner a 90-day travel document to facilitate his removal.  And until this Court entered its July 9 Order, Mr. Nhoisaykham was scheduled to depart for Laos aboard a Special High Risk Charter flight on July 28.  ECF No. 12 at 3.  The only obstacle to petitioner's imminent removal is this Court's July 9 Order.  The Petition is therefore DENIED.[1]

It is SO ORDERED.

---

[1] The Court has considered petitioner's claims that the revocation of his OSUP violated 8 C.F.R. § 241, his procedural due process rights, and was arbitrary and capricious contrary to the APA. Even if there were merit to any of those claims, and release were required, it would have little practical effect due to his imminent removal.  In any event, the Court does not find those claims to be meritorious for the reasons articulated in the government's response to the petition for a writ of habeas corpus.  ECF No. 12 at 7-9.

3

Dated: August 6, 2026      BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge